STEWART M. NEFF, Plaintiff, *v.* WARNER G. PALMER, Defendant.

Supreme Court, Monroe County, March 8, 1928.

**Judgments — summary judgments — correspondence relied upon to obtain judgment must be served with motion papers if it is to be considered on motion under Rules of Civil Practice, rule 113.**

On this motion for summary judgment plaintiff has made certain correspondence between the parties a part of his affidavits without attaching it. Since correspondence relied upon to obtain summary judgment under rule 113 of the Rules of Civil Practice must be served with motion papers in order to be considered, plaintiff's motion for summary judgment must be denied, with leave to renew upon proper papers.

MOTION by the plaintiff for summary judgment.

*Peck & Whitbeck,* for the plaintiff.

*Burroughs A. Strickland,* for the defendant.

RODENBECK, J. This is an action on an account stated as of June 28, 1927. The defendant has interposed a general denial and set up a counterclaim. Under the general denial he may introduce any evidence to meet that which is necessary to make out the plaintiff's cause of action. Any affirmative defense must be specially pleaded. The only affirmative defense is that there was fraud or mistake in connection with the account stated. The defendant may not go back to the items of the account or set up a breach of warranty; both parties are limited to the issues presented of an account stated. The plaintiff might have pleaded an account stated and an open account. The plaintiff has submitted the affidavit of the credit manager of the plaintiff's assignor, and has made the correspondence between the defendant and plaintiff's assignor part of his affidavit without attaching it to his affidavit. This correspondence may not be considered, not having been served upon the defendant, and the defendant not having had an opportunity to meet it. There may be other correspondence which would change the situation. The credit manager alleges that the defendant agreed to pay the account. This allegation is denied by the defendant, which raises an issue of fact. An examination of the correspondence would seem to indicate that there has been an account stated, and, in order that the question of plaintiff's right to summary judgment may be properly raised, the motion is denied, with ten dollars costs, with leave to renew upon proper papers.

So ordered.